Date signed September 23, 2013



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THURMAN R. WATSON | : | Case No. 12-28349-PM |
| | : | Chapter 7 |
|         Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| SANDRA SEEGARS | : | |
| | : | |
|         Plaintiff | : | |
| v. | : | Adversary No. 13-00142-PM |
| | : | |
| THURMAN R. WATSON | : | |
| | : | |
|         Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

     Before the court is a complaint seeking a ruling that the judgment entered on a jury verdict in the sum of $5,605.00 in compensatory damages and in the sum of $10,000.00 in punitive damages in the Superior Court of the District of Columbia (case captioned *"Sandra Seegars v. Thurman Watson d/b/a Metro Cardiovascular Assoc., Civil No. 00ca7831"*) is excepted from the Debtor's discharge entered May 23, 2013. While the court heard testimony and received evidence offered by the Defendant that, if given credit, might have resulted in a verdict in his favor, the decision in this case is governed by the principle of collateral estoppel that compels a finding in favor of the Plaintiff.

     The Plaintiff's action in the Superior Court resulted in a verdict in her favor that the Defendant committed a battery upon her. The judgment against the Defendant and the co-defendant Metro Cardiovascular Assoc. was affirmed by the District of Columbia Court of Appeals

in Case No. 00-7831 decided February 13, 2004.[1]  In 2004, the judgment was filed in the Office of the Clerk of the Circuit Court for Prince George's County, Maryland, pursuant to MD. CODE ANN. CTS. & JUD. PROC. §11-802, the Uniform Enforcement of Foreign Judgments Act.

This adversary proceeding is brought pursuant to 11 U.S.C. § 523(a)(6) that provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

For an action to fall within the discharge exception for willful and malicious injury, the Debtor must have intended the injury or the harm.  The Plaintiff succeeded in her complaint of sexual battery as found by the jury and affirmed by the Court of Appeals.  As explained in the case of *In re Kelly*, 238 B.R. 156, 161 (B.C.  E.D. Mo. 1999) (*quoting In re Halverson*, 226 B.R. 22, 30 (B.C.  D. Minn. 1998), *citing In re Miera*, 104 B.R. 150 (B.C.  D. Minn. 1989)): "Malice, or intent to harm, in a sexual intentional tort is self-evident, either because the tortfeasor knows his conduct is certain or almost certain to cause harm, or because he should know and therefore the intent is inferred as a matter of law." *See also*, *In re Cassidy*, 1995 WL 908055 (B.C.  D.C. Nov. 14, 1995); *In re Spagnola*, 473 B.R. 518 (B.C. S.D.N.Y. 2012).

As stated above, the jury award of punitive damages for a sexual battery was affirmed by the Court of Appeals.  The standard for the allowance of punitive damages in the District of Columbia is a high one.  In *Chatman v. Lawlor*, 831 A.2d 395, 400 (D.C. 2003), the District of Columbia Court of Appeals pointed out:

> Punitive damages may be awarded "only if it is shown by clear and convincing evidence that the tort committed by the defendant was aggravated by egregious conduct and a state of mind that justifies punitive damages." *Jonathan Woodner Co. v. Breeden,* 665 A.2d 929, 938 (D.C. 1995), *cert. denied*, 519 U.S. 1148, 117 S.Ct. 1080, 137 L. Ed.2d 215 (1997).  The requisite state of mind has been described by this court on numerous occasions. *See, e.g.*, *Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc.*, 492 A.2d 580, 593 (D.C. 1985) ("outrageous conduct which is malicious, wanton, reckless, or in willful disregard for another's rights" (citations omitted)).

*See also, Tolson v. District of Columbia*, 860 A.2d 336, 345 (2004)

In *Croley v. Republican Nat'l Comm.*, 759 A.2d 682, 695 (D.C. 2000) the court

---

[1]  The record does not reflect the date of the Superior Court's judgment or whether the Plaintiff took any steps to revive the judgment pursuant to DC ST §15-101.

stated:

> "[W]e have repeatedly recognized that a plaintiff's request to submit the issue of punitive damages to the jury is governed by the normal test for a triable issue of fact: whether there was evidence from which a jury reasonably could find the required malicious intent or willful disregard of another's rights." *King v. Kirlin Enterprises, Inc.*, 626 A.2d 882, 884 (D.C. 1993) (*citing Robinson v. Sarisky*, 535 A.2d 901, 907 (D.C. 1988)). Furthermore, in *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995), *reh'g denied*, 681 A.2d 1097 (D.C. 1996), we stated:
>
>> [T]o sustain an award of punitive damages, the plaintiff must prove, by a preponderance of the evidence, that the defendant committed a tortious act, and by clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent.
>
> We also said in *United Mine Workers of America, Int'l Union v. Moore*, 717 A.2d 332 (D.C. 1998), that to prove punitive damages, "[a] showing of evil motive or actual malice is ... required." *Id*. at 341 (*citing Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 372 (D.C. 1993)). *See also Jemison v. National Baptist Convention*, 720 A.2d 275, 285-86 n. 10 (D.C. 1998) (A claim for punitive damages requires a showing of "fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury" (citation omitted)). In considering whether the issue of punitive damages should have been submitted to the jury, we must "view the evidence in the light most favorable to the party seeking punitive damages ... bearing in mind that the requisite state of mind ... may be inferred from all the facts and circumstances of the case." *King*, *supra*, 626 A.2d at 884 (*quoting Robinson, supra*, 535 A.2d at 906) (internal quotations omitted).

The *Croley* court then quoted the District of Columbia standard jury instruction on punitive damages that provides in pertinent part:

> You may award punitive damages only if the plaintiff has proved with clear and convincing evidence:
>
>> (1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff;
>>
>> AND
>>
>> (2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.

*Id*. at 695.

This instruction more than meets the standard of *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) that a finding of nondischargeability under 11 U.S.C. § 523(a)(6) requires a deliberate or intentional injury. The Plaintiff's burden of proof under § 523(a) is that of the ordinary

preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). It is beyond dispute that the judgment of the Superior Court was based on acts that were both willful and malicious.

The decision in this case is governed by the principle of collateral estoppel. Collateral estoppel applies in bankruptcy dischargeability proceedings brought under § 523(a). *See Grogan v. Garner*, *supra* at 284–85 n. 11. "Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had 'a "full and fair opportunity" to litigate that issue in the earlier case.'" *Combs v. Richardson*, 838 F.2d 112, 114, 117 (CA4 1988) (*quoting Allen v. McCurry*, 449 U.S. 90, 94-95 (1980)) (The trial court instructed the jury that "to find punitive damages in this case, it's necessary for you to find that the Defendant not only committed assault, but did so with malice.")

When the parties have previously litigated an issue in a state court, the Bankruptcy Court will apply the law of collateral estoppel of the state. *See Levine v. McLeskey*, 164 F.3d 210, 213 (CA4 1998). The law of collateral estoppel was described by the District of Columbia Court of Appeals in the case of *Franco v. District of Columbia*, 3 A.3d 300, 303-04 (D.C. 2010):

> Collateral estoppel, or issue preclusion, "prohibits 'the relitigation of factual or legal issues decided in a previous proceeding and essential to the prior judgment.'" *Elwell v. Elwell*, 947 A.2d 1136, 1140 (D.C. 2008) (*quoting Borger Mgmt., Inc. v. Sindram*, 886 A.2d 52, 59 (D.C.2005)). Thus, when applicable, collateral estoppel renders conclusive the determination of issues of fact or law previously decided in another proceeding. *Modiri v. 1342 Rest. Group, Inc.*, 904 A.2d 391, 394 (D.C. 2006) (*citing Davis v. Davis*, 663 A.2d 499, 501 (D.C.1995)). The foundational requirements for application of the doctrine are well established. Collateral estoppel may be applied when
>
> > (1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum.
>
> *Id*. (*quoting Davis, supra*, 663 A.2d at 501 (*quoting Washington Med. Ctr. v. Holle*, 573 A.2d 1269, 1283 (D.C.1990))).

*See also*, *DeWitt v. District of Columbia*, 43 A.3d 291, 300 (D.C. 2012). The judgment relied upon by Plaintiff meets the District of Columbia standard for imposition of the doctrine of collateral estoppel.

      Little more need be said.  The Plaintiff's judgment following a jury trial and affirmance on appeal clearly meet the standard of collaterally estopping the Defendant's challenge to nondischargeability.  An order will be entered in accordance with the foregoing.

cc:      Sandra Seegars, 1107 Savannah St., S.E., Washington, DC 20032
          Thurman R Watson, 2308 Norlinda Avenue, Oxon Hill, MD 20745-3601
          Michael O. Ramsey, 2122 Maryland Avenue, Baltimore, MD 21218

**End of Memorandum of Decision**